[Cite as *State v. Weston*, 2013-Ohio-791.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | Hon. William B. Hoffman, J.<br>Hon. John W. Wise, J. |
| -vs- | |
| OREST WESTON | Case No. 2012 AP 08 0047 |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Tuscarawas County Court of Common Pleas, Case No. 2011 CR 08 0216

JUDGMENT:      Affirmed

DATE OF JUDGMENT ENTRY:      March 1, 2013

APPEARANCES:

For Plaintiff-Appellee                      For Defendant-Appellant

RYAN STYER                                  VERNON M. INFANTINO
Tuscarawas County Prosecutor         Schnars, Baca & Infantino, LLC
PATRICK J. WILLIAMS                    610 Market Avenue North
Assistant County Prosecutor            Canton, Ohio 44702
for Tuscarawas County
125 East High Avenue
New Philadelphia, Ohio 44663

*Hoffman, J.*

{¶1}  Defendant-appellant Orest Weston appeals his conviction entered by the Tuscarawas County Court of Common Pleas.  Plaintiff-appellee is the state of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2}  At all times pertinent herein, Erin Tingler resided with her mother at 467 Park Avenue, Northwest, New Philadelphia, Ohio.  Appellant and Tingler share a daughter.  A protection order was issued in favor of Tingler against Appellant in case number 2010 VI 08 0425 on August 28, 2010, valid until August 28, 2015.  The protection order indicates Appellant shall not harm, attempt to harm, threaten, follow, stalk, harass, force sexual relations upon or commit sexually oriented offenses against the protected persons named in the order, including Tingler. The order also provides Appellant shall not be present within 500 feet of any protected person.

{¶3}  On August 13, 2011, Tingler was at the Park Avenue residence with a friend and their children outside on the patio.  While outside, Tingler heard someone yelling obscenities. When she turned, Tingler realized it was Appellant.  Appellant was standing on a balcony of the VFW, approximately a football field away from where Tingler was sitting.  Tingler then called the police, indicating she had a protection order.

{¶4}  On September 9, 2011, Appellant was charged with one count of violating a protection order, in violation of R.C. 2919.27.  A jury trial began on May 22, 2012.

{¶5}  Appellant was found guilty of the charge, sentenced to two years of community control and ordered to serve thirty days of incarceration.

{¶6}  Appellant now appeals, assigning as error:

{¶7} "I. THE EVIDENCE IS INSUFFICIENT TO SUSTAIN THE CONVICTION AND THE VERDICT IS AGAINST THE MANIFEST WEIGHT OF EVIDENCE."

{¶8} Appellant was convicted of disregarding a protection order, in violation of R.C. 2919.27. The statute reads,

{¶9} "(A) No person shall recklessly violate the terms of any of the following:

{¶10} "(1) A protection order issued or consent agreement approved pursuant to section 2919.26 or 3113.31 of the Revised Code;

{¶11} "(2) A protection order issued pursuant to section 2151.34, 2903.213, or 2903.214 of the Revised Code;

{¶12} "(3) A protection order issued by a court of another state.

{¶13} "(B)(1) Whoever violates this section is guilty of violating a protection order.

{¶14} "(2) Except as otherwise provided in division (B)(3) or (4) of this section, violating a protection order is a misdemeanor of the first degree.

{¶15} "(3) If the offender previously has been convicted of, pleaded guilty to, or been adjudicated a delinquent child for a violation of a protection order issued pursuant to section 2151.34, 2903.213, or 2903.214 of the Revised Code, two or more violations of section 2903.21, 2903.211, 2903.22, or 2911.211 of the Revised Code that involved the same person who is the subject of the protection order or consent agreement, or one or more violations of this section, violating a protection order is a felony of the fifth degree."

{¶16} It was undisputed Appellant had previously been convicted of violating a protection order as set forth in subsection (3) above.

**{¶17}** On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. *State v. Jenks,* 61 Ohio St.3d 259 (1991). "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Jenks* at paragraph two of the syllabus, following *Jackson v. Virginia,* 443 U.S. 307 (1979). On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Martin,* 20 Ohio App.3d 172 (1983), 175. See also, *State v. Thompkins,* 78 Ohio St.3d 380, 1997–Ohio–52. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." *Martin* at 175.

**{¶18}** Upon review of the record, we find the evidence and testimony introduced at trial sufficiently credible to establish Appellant violated the terms of the protection order by recklessly coming within the prohibited range set forth in the order, and verbally harassing Tingler. Appellant had alcohol in his possession, and appeared to be under the influence of alcohol while within 500 feet of Tingler, yelling obscenities in her direction. Accordingly, Appellant's conviction is not against the manifest weight nor sufficiency of the evidence.

**{¶19}** Appellant's sole assignment of error is overruled.

{¶20} Appellant's conviction in the Tuscarawas County Court of Common Pleas is affirmed.

By: Hoffman, J.

Gwin, P.J.  and

Wise, J. concur

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ W. Scott Gwin_____
HON. W. SCOTT GWIN


s/ John W. Wise_____
HON. JOHN W. WISE

IN THE COURT OF APPEALS FOR TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| OREST WESTON | : | |
| | : | |
| Defendant-Appellant | : | Case No. 2012 AP 08 0047 |

For the reason stated in our accompanying Opinion, Appellant's conviction entered by the Tuscarawas County Court of Common Pleas is affirmed. Costs to Appellant.


s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ W. Scott Gwin _____
HON. W. SCOTT GWIN


s/ John W. Wise _____
HON. JOHN W. WISE